## Commonwealth ex rel. v. Thomas et al.

*Brockway, Whitla & McKay*, for relator.
*Fred T. Fruit*, for defendants.

McLAUGHRY, P. J., March 23, 1934.—In this case, after the filing of a petition for a mandamus and an answer by the defendants, the parties agreed upon a case stated. On March 15, 1920, Neal A. Bennett, petitioner, was hired by the City of Sharon as a draftsman in the engineering department. On February 24, 1922, Gibson Graham was hired by the City of Sharon in the same department and was listed on the city payroll as a rodman. On December 29, 1931, the council of the City of Sharon in its budget made no appropriation for the salary of a regularly employed draftsman, but $1,000 was appropriated for temporary employment of a draftsman if an emergency required such employment. It appears that no draftsman was required in the year 1932, and none of the appropriation was used. On December 24, 1931, Neal A. Bennett was notified that his services were no longer needed, the action of council being based upon a general economy program, and for the further reason that public improvements for the year 1932 were to be materially reduced, thus requiring no draftsman. On November 7, 1932, the petitioner requested council to reinstate him, and on November 16, 1932, addressed the same request to the civil service commission, and a hearing was held by the said commission and reinstatement denied. The petition for mandamus asks that the City of Sharon recognize the right of the petitioner to act as an employe in the engineering department. It is contended by the plaintiff that his removal was contrary to section 4408 of The Third Class City Law of June 23, 1931, P. L. 932; that, since his removal was not for cause but for purposes of economy, he came within the provisions of such law, which provides that, if it should become necessary to reduce the number of men in said department for purposes of economy, seniority rights shall prevail, and any and all removals for such cause or causes shall be from the members last appointed, and the members serving the shortest time shall be removed first, but members with longer terms of service may be discharged for cause. It is agreed

in the statement of facts that the employes in the engineering department prior to December 24, 1931, consisted of Neal A. Bennett, draftsman, Gibson Graham, listed on the payroll as a rodman, and doing the work of a rodman, and Bessie Maxwell, a stenographer; and it would appear from the statement of facts that, Neal A. Bennett, having been employed on March 15, 1920, and Gibson Graham on February 24, 1922, at the time of the removal the said Neal A. Bennett had been in the employment of the engineering department for a longer period of time than the said Gibson Graham. It is contended that, since Neal A. Bennett was not the member of that department last appointed, his removal was illegal, and that he should be restored by the writ of mandamus for which he asks.

The reason stated for the removal of Mr. Bennett is set forth in words agreed upon by both parties to this action, as follows:

"The council of the City of Sharon on December 29, 1931, duly passed its budget ordinance and for reasons of economy, due to the decreased revenues, and for the reason that the public improvements for the year 1932 were to be materially reduced, so that there would be no necessity for a draftsman, appropriated $1,000 for the temporary employment of a draftsman, if an emergency required. However, no draftsman was employed nor was any of the appropriation used."

The civil service law was enacted with a view to the best interests of the city, and not for the purpose of benefiting persons who might be employed to perform the necessary duties required in a municipality. The legislature in enacting such a law had in mind that the best interests of the city required that persons employed for a long period of time should be retained because of their experience and proven ability, and that it would be detrimental to the best interests of the city if employes who have proved faithful and competent could be discharged to make places for political friends. It was not intended to prevent a city from abolishing offices which are no longer necessary or for reasons of economy. Such a law cannot prevent the discharge of an employe in good faith, without a trial and without notice, when the work he is doing is abolished as unnecessary. It is agreed, as above stated, that, in addition to the reason of economy, the position occupied by Mr. Bennett was abolished for the reason that public improvements for the year 1932 were to be reduced "so that there would be no necessity for a draftsman." It is apparent that there were three persons employed in this department, a draftsman, one who draws or prepares plans requiring special training, a rodman, one who holds the rod while in the act of surveying; and a stenographer, whose duty it is to perform clerical work in the office, a skilled employment requiring special training. It is apparent from the nature of the work that a rodman would be unqualified to perform the duties of the draftsman or of the stenographer. If the stenographer was no longer needed, council would have the right to remove the stenographer. If the rodman was no longer needed council would have the right to remove the rodman, and if the draftsman was no longer needed council would have the right to remove the draftsman. We cannot conceive that the legislature in passing this law had in view the retention of employes who were in the performance of any special work that was no longer needed. We are of the opinion that, on account of the fact that the public improvements for the year 1932 were to be reduced, there was no necessity for the employment of a draftsman for full time, in the opinion of the officials, and it was apparent at the end of the year that a draftsman had not been needed for any portion of the year, and the $1,000 appropriated for the temporary employment of a draftsman was saved for the city.

We think the civil service law is not applicable to such a condition as we have here. It is applicable only where there is a uniformity of classification. There is no charge of political or any improper motives in the action of council; the elimination of the position was necessary because of reduced revenue, and the work of the draftsman was no longer needed to carry on the necessary work of the municipality.

### Order

And now, March 23, 1934, this matter came on to be heard and was argued by counsel; whereupon, after due consideration, being of the opinion that the discharge of Neal A. Bennett was legal, judgment is entered in favor of the defendants.

From W. G. Barker, Mercer, Pa.